**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-10878
Summary Calendar

SNELLING & SNELLING, INC; SNELLING FINANCIAL GROUP,

Plaintiffs-Counter Defendants-Appellees,

VERSUS

JAMES C. HOLLADAY, INC; JAMES C. HOLLADAY,

Defendants-Counter Claimants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1752-G

January 29, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Holladay purchased a personnel placement service as a franchisee of Snelling and Snelling, Inc.[2] Holladay later attempted to sell the franchise, and advised Snelling that, because of what Holladay considered to be bad faith dealing on the part of Snelling, Holladay would not comply with certain aspects of the franchise resale agreement. Snelling filed this action in federal court, seeking a declaratory judgment that if Holladay proceeded as planned, he would be in breach of his contract with Snelling. Holladay filed a counterclaim asserting negligent misrepresentation and

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] James Holladay and his corporation, James C. Holladay, Inc. are the named defendants/counter-plaintiffs. They will be referred to collectively as "Holladay". Snelling and Snelling, Inc. and Snelling Financial Group are the plaintiffs/counter-defendants and will be referred to collectively as "Snelling".

violation of the Texas Deceptive Trade Practices Act. The district court granted Snelling the declaratory relief sought in the initial complaint, and further granted Snelling's motion for summary judgment as to the counterclaim. Holladay appeals only the granting of summary judgment on the counterclaim. We affirm.

In his counterclaim, Holladay alleges that Snelling misrepresented the level of assistance Snelling would provide to Holladay in re-selling his franchise. Holladay also alleges that Snelling failed to disclose that Holladay would have to inform his staff of his plans to sell the franchise before Snelling would provide any assistance in that sale. Holladay contends that this misrepresentation and failure to disclose were producing causes of his injuries. The district court held that Holladay had presented no competent summary judgment evidence to demonstrate that Snelling's actions had caused his injuries. We agree.

Summary judgment is proper if there is no genuine issue as to any material fact, and the movant is therefore entitled to judgment as a matter of law.[3] On appeal, this Court considers the evidence submitted with all reasonable inferences drawn in the light most favorable to the nonmoving party.[4]

Holladay contends that Snelling's requirement that Holladay inform his staff of his intent to sell his business caused the resignation of his entire staff, significantly diminishing the value of his business. To defeat summary judgment, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.[5] The only evidence Holladay presents in support of this claim is James Holladay's affidavit, and the deposition testimony of a former Holladay employee, James Darr. Holladay's affidavit contains only his conclusory statements of his own belief that Snelling's actions caused his injuries.[6] Darr's deposition plainly states that it would be "conjecture"

---

[3] Fed. R. Civ. P. 56 (c).

[4] Coleman v. Houston Independent School District, 113 F.3d 528, 533 (5th Cir. 1997).

[5] Matushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[6] R.1 at 233.

for him to speculate on why Holladay's staff resigned.[7] Holladay's conlusory affidavit, and the conjecture of James Darr are insufficient to defeat summary judgment.[8] Further, as noted by the district court, four of Holladay's other staff members testified that they resigned for reasons unrelated to the sale of the business.[9]

Holladay further contends that he justifiably relied on misrepresentations made by Snelling regarding the resale of his business. Holladay has again failed to provide this Court with specific facts sufficient to defeat summary judgment on this issue. Indeed, the district court properly ignored several of Holladay's contentions in this regard as being beyond the scope of the allegations of the counterclaim. Federal Rule of Civil Procedure 8 (a) requires the counterclaimant to give the counterdefendant fair notice of what the claim is, and the grounds upon which it rests.[10] In this case, the allegations upon which Holladay relies are nowhere to be found in his counterclaim. Summary judgment is therefore proper.

Of further concern to this Court is Holladay's assertion of abuse of discretion by the district court in denying Holladay's motion to reconsider as untimely. The record reflects that the final judgment in this case was entered on June 22, 1998. Holladay's motion to reconsider was filed on July 6, 1998. Following a final judgment, a motion to reconsider may be filed within ten days, excluding weekends and holidays.[11] The record clearly reflects that the motion was timely filed, and the district court's refusal to consider the evidence accompanying that motion constitutes an abuse of discretion. Snelling contends that, if the district court did indeed abuse its discretion, such an error was harmless. We agree.

The additional evidence presented by Holladay consists solely of the affidavit of Margaret

---

[7] R.1 at 241.

[8] Lechuga v. Southern Pacific Transport Co., 949 F.2d 790, 798 (5th Cir. 1992).

[9] See Memorandum Opinion of the district court, R.1 at 370.

[10] Mallett v. Timco Electric Power and Controls, Inc. 815 F. Supp. 992 (E.D. Tex. 1993).

[11] See Fed. R. Civ. P.59 (e) and Fed. R. Civ. P. 6 (a).

Tierney, a former Holladay employee. Tierney's affidavit clearly states that she resigned from Holladay to "devote greater time to personal issues."[12] At no point in her affidavit does Tierney offer specific facts showing that any of Holladay's employees resigned because of the pending sale. This evidence is similar in substance to the conjecture of James Darr, and does not impact this Court's holding that summary judgment was properly granted in this case.

On the basis of the foregoing, the judgment of the district court is AFFIRMED.

---

[12] R.4 at 388.